**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-10023-JEM/DSW**

**RANDALL LILLARD,**

**Plaintiff,**

**v.**

**STATE OF FLORIDA,**

**Defendant.**

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Jose E. Martinez, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 2, 10]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On March 20, 2026, pro se Plaintiff Randall Lillard ("Plaintiff") filed a Complaint against Defendant State of Florida ("Defendant") [ECF No. 1]. Contemporaneously, Plaintiff filed a handwritten Affidavit of Indigency, which the Court construed as a motion to proceed in forma pauperis ("IFP Motion") [ECF No. 3]. The Court denied Plaintiff's motion and instructed Plaintiff to file a Long Form IFP Motion by April 14, 2026. [ECF No. 4]. On April 10, 2026 Plaintiff filed an IFP Motion, and on April 16, 2026, Plaintiff filed a Corrected IFP Motion. [ECF Nos. 5, 7]. The Court denied Plaintiff's IFP Motion because (1) Plaintiff did not establish subject matter jurisdiction in his Complaint, (2) Plaintiff cannot sue the State of Florida, and (3) Plaintiff's

Complaint is a shotgun pleading. [ECF No. 8]. The Court ordered Plaintiff to file an amended complaint on or before September 24, 2026. To date, Plaintiff has not filed an amended complaint.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff the opportunity to file an amended complaint by September 24, 2026 and has warned Plaintiff that failure to do so may result in dismissal. *See* [ECF No. 8]. Plaintiff has still failed to comply with the Orders and his failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th

Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of September, 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

Randall Lillard, Pro Se
MCSO23MNI021433
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040